UNITED STATES DISTRICT COURT
DISTRICT OF DELAWARE

| | |
|---|---|
| BARRY ZIPPER<br>1103 Bingham Street<br>Philadelphia, PA 19115,<br><br>   Plaintiff<br><br>  vs.<br><br>STEPHEN LANGE<br>12 Loxley Lane<br>Hartly, Delaware 19953<br>   AND<br>JOSEPH LANGE<br>2113 Silverside Road<br>Wilmington, Delaware 19810,<br><br>   Defendants | CIVIL ACTION NO.:<br><br><br><br>JURY TRIAL DEMANDED |

## *COMPLAINT IN CIVIL ACTION*

**JURISDICTION:**

  Jurisdiction is founded upon diversity of citizenship of the parties and the amount in controversy pursuant to 28 U.S.C. Section 1332. Plaintiff is a citizen and a resident of the Commonwealth of Pennsylvania; the Defendant's, Stephen H. Lange and Joseph Lange, are alleged to be individuals and citizens of the State of Delaware. The amount in controversy exceeds $100,000.00, exclusive of interests and costs.

**FACTUAL ALLEGATIONS:**

  1.  Plaintiff, Barry Zipper, is an adult individual and a citizen of the Commonwealth of Pennsylvania, residing therein at 1103 Bingham Street, Philadelphia, PA 19115.

2. Defendant, Stephen H. Lange, is alleged and therefore averred to be an individual and citizen of the State of Delaware, residing therein at 12 Loxley Lane, Hartly, Delaware 19953.

3. Defendant, Joseph Lange, is alleged and therefore averred to be an individual and citizen of the State of Delaware, residing therein at 2113 Silverside Road, Wilmington, Delaware 19810.

4. On or about February 7, 2005, at or about 7:10 p.m., Plaintiff, Barry Zipper, was lawfully operating his motor vehicle north on Marsh Road, completely stopped at the intersection of Bette Road, streets and highway in Wilmington, Delaware, waiting to make a left hand turn onto Bette Road, when he was struck in the rear by the vehicle owned by Defendant, Joseph Lange, and being permissibly operated by Defendant, Stephen H. Lange.

5. This accident resulted solely from the negligence, carelessness and recklessness of the aforementioned Defendants and was due in no manner whatsoever to any act or failure to act on the part of the Plaintiff.

6. As a result of the aforesaid accident, Plaintiff, Barry Zipper, suffered injuries which are serious and permanent in nature, including, but not limited to: thoracic spine disc herniation at T9-10 with spinal canal narrowing and indentation of the thoracic chord and thecal sac; dorsal strain and sprain; cervical strain and sprain; lumbosacral strain and sprain; cephalgia; post concussion syndrome; cervical spondylsis; aggravation of degenerative disc disease of the cervical spine; lumbar spinal stenosis with spondylitic changes and/or foraminal encroachment at L4-5 and L5-S1; contusions, abrasions and lacerations over various portions of his body; post traumatic anxiety and depression; severe damage to his nerves and nervous system; and various

others ills and injuries which the plaintiff yet suffers and may continue to suffer for an indefinite time into the future.

7. As a further result of the aforesaid accident, Plaintiff, Barry Zipper, has been obliged to receive and undergo medical attention and care and incurred various and diverse expense which the Plaintiff may continue to expend and incur for a an indefinite time into the future, all of which have or may exceed the sum and value recoverable under all applicable Delaware law.

8. As a further result of the aforesaid accident, Plaintiff, Barry Zipper, has or may suffer a severe loss of his earnings and an impairment of his earning capacity and power all of which may continue indefinitely into the future and have or may exceed the sums and value recoverable under all applicable Delaware law.

9. As a further result of the aforesaid accident, Plaintiff, Barry Zipper, has suffered severe physical pain and trauma, mental upset, anguish and humiliation and may continue to suffer same for an indefinite time into the future.

10. As a further result of the aforesaid accident, the Plaintiff, Barry Zipper, has suffered a diminishment in his ability to enjoy life and life's pleasures, all of which he may continue to suffer same for an indefinite time into the future.

11. As a further result of the aforesaid accident, the Plaintiff, Barry Zipper, has suffered damages to his motor vehicle and has occurred bills for towing, storage and replacement vehicle rental.

## COUNT I
## BARRY ZIPPER v. STEPHEN H. LANGE

12. Plaintiff hereby incorporates by referenced Paragraphs 1 through 11 as if the same were herein set forth at length.

13. The negligence, carelessness and recklessness of the Defendant, Stephen H. Lange, consists of, but is not limited to the following:

    a. failure to properly operate and control the motor vehicle so that it would not become a hazard to person situated such as Plaintiff;

    b. failure to apply the brakes to avoid an accident;

    c. failure to yield the right way to Plaintiff's vehicle;

    d. failure to keep a proper lookout;

    e. operation of the vehicle at an excessive rate of speed under the circumstances;

    f. following to close.

    g. operation of vehicle in violation of the laws of the State of Delaware governing the operation of motor vehicles on its streets in highways;

    h. negligence, carelessness and recklessness at law;

    i. such other and further acts of negligence, carelessness and recklessness as will be developed by future discovery in this case.

14. The negligence, carelessness and recklessness of the Defendant, Stephen H. Lange, as set forth herein was the proximate and sole cause of the injuries and damages to the Plaintiff ad expenses incurred as set forth above.

WHEREFORE, Plaintiff, Barry Zipper, demands judgment against the Defendant, Stephen H. Lange, for damages, interest and costs of suit in an amount in excess of One Hundred Thousand ($100,000.00) Dollars.

**COUNT II**
**BARRY ZIPPER v. JOSEPH LANGE**

15. Plaintiff hereby incorporates by referenced Paragraphs 1 through 14 as if the same were herein set forth at length.

16. The negligence, carelessness and recklessness of the Defendant, Joseph Lange, consists of, but is not limited to the following:

    a. negligently entrusting a motor vehicle to one known to have the propensities for failure to properly operate and control the motor vehicle so that it would not become a hazard to person situated such as Plaintiff;

    b. negligently entrusting a motor vehicle to one known to have the propensities for failure to apply the brakes to avoid an accident;

    c. negligently entrusting a motor vehicle to one known to have the propensities for failure to yield the right way to Plaintiff's vehicle;

    d. negligently entrusting a motor vehicle to one known to have the propensities for failure to keep a proper lookout;

    e. negligently entrusting a motor vehicle to one known to have the propensities for operation of the vehicle at an excessive rate of speed under the circumstances;

    f. negligently entrusting a motor vehicle to one known to have the propensities for following to close;

    g. negligently entrusting a motor vehicle to one known to have the propensities for operation of vehicle in violation of the laws of the State of Delaware governing the operation of motor vehicles on its streets in highways;

    h. negligence, carelessness and recklessness at law;

    i. such other and further acts of negligence, carelessness and recklessness as will be developed by future discovery in this case.

  17. The negligence, carelessness and recklessness of the Defendant, Stephen H. Lange, as set forth herein was the proximate and sole cause of the injuries and damages to the Plaintiff ad expenses incurred as set forth above.

  WHEREFORE, Plaintiff, Barry Zipper, demands judgment against the Defendant, Joseph Lange, for damages, interest and costs of suit in an amount in excess of One Hundred Thousand ($100,000.00) Dollars.

        Respectfully Submitted,

        STAMPONE D'ANGELO RENZI DIPIERO


        BY:_____
         NICHOLAS J. RENZI, ESQUIRE
         Attorney for Plaintiff
         Attorney I.D. No.: 63060
         500 Cottman Avenue
         Cheltenham, PA 19012
         (215) 663-0400

DATED:_____

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

## I. (a) PLAINTIFFS
BARRY ZIPPER

## DEFENDANTS
STEPHEN LANGE AND JOSEPH LANGE

**(b)** County of Residence of First Listed Plaintiff: **Philadelphia**
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed Defendant: **Kent**
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.

**(c)** Attorney's (Firm Name, Address, and Telephone Number)
Nicholas J. Renzi, Esq., Stampone D'Angelo Renzi DiPiero, 500 Cottman Avenue, Cheltenham, PA, 19012; (215) 663-0400

Attorneys (If Known)

## II. BASIS OF JURISDICTION (Place an "X" in One Box Only)

- [x] 1 U.S. Government Plaintiff
- [ ] 2 U.S. Government Defendant
- [ ] 3 Federal Question (U.S. Government Not a Party)
- [ ] 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff and One Box for Defendant) (For Diversity Cases Only)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☒ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☒ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT (Place an "X" in One Box Only)

**CONTRACT**
- ☐ 110 Insurance
- ☐ 120 Marine
- ☐ 130 Miller Act
- ☐ 140 Negotiable Instrument
- ☐ 150 Recovery of Overpayment & Enforcement of Judgment
- ☐ 151 Medicare Act
- ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans)
- ☐ 153 Recovery of Overpayment of Veteran's Benefits
- ☐ 160 Stockholders' Suits
- ☐ 190 Other Contract
- ☐ 195 Contract Product Liability
- ☐ 196 Franchise

**REAL PROPERTY**
- ☐ 210 Land Condemnation
- ☐ 220 Foreclosure
- ☐ 230 Rent Lease & Ejectment
- ☐ 240 Torts to Land
- ☐ 245 Tort Product Liability
- ☐ 290 All Other Real Property

**TORTS – PERSONAL INJURY**
- ☐ 310 Airplane
- ☐ 315 Airplane Product Liability
- ☐ 320 Assault, Libel & Slander
- ☐ 330 Federal Employers' Liability
- ☐ 340 Marine
- ☐ 345 Marine Product Liability
- ☒ 350 Motor Vehicle
- ☐ 355 Motor Vehicle Product Liability
- ☐ 360 Other Personal Injury

**CIVIL RIGHTS**
- ☐ 441 Voting
- ☐ 442 Employment
- ☐ 443 Housing/Accommodations
- ☐ 444 Welfare
- ☐ 445 Amer. w/Disabilities - Employment
- ☐ 446 Amer. w/Disabilities - Other
- ☐ 440 Other Civil Rights

**PERSONAL INJURY**
- ☐ 362 Personal Injury - Med. Malpractice
- ☐ 365 Personal Injury - Product Liability
- ☐ 368 Asbestos Personal Injury Product Liability

**PERSONAL PROPERTY**
- ☐ 370 Other Fraud
- ☐ 371 Truth in Lending
- ☐ 380 Other Personal Property Damage
- ☐ 385 Property Damage Product Liability

**PRISONER PETITIONS**
- ☐ 510 Motions to Vacate Sentence
- **Habeas Corpus:**
- ☐ 530 General
- ☐ 535 Death Penalty
- ☐ 540 Mandamus & Other
- ☐ 550 Civil Rights
- ☐ 555 Prison Condition

**FORFEITURE/PENALTY**
- ☐ 610 Agriculture
- ☐ 620 Other Food & Drug
- ☐ 625 Drug Related Seizure of Property 21 USC 881
- ☐ 630 Liquor Laws
- ☐ 640 R.R. & Truck
- ☐ 650 Airline Regs.
- ☐ 660 Occupational Safety/Health
- ☐ 690 Other

**LABOR**
- ☐ 710 Fair Labor Standards Act
- ☐ 720 Labor/Mgmt. Relations
- ☐ 730 Labor/Mgmt.Reporting & Disclosure Act
- ☐ 740 Railway Labor Act
- ☐ 790 Other Labor Litigation
- ☐ 791 Empl. Ret. Inc. Security Act

**BANKRUPTCY**
- ☐ 422 Appeal 28 USC 158
- ☐ 423 Withdrawal 28 USC 157

**PROPERTY RIGHTS**
- ☐ 820 Copyrights
- ☐ 830 Patent
- ☐ 840 Trademark

**SOCIAL SECURITY**
- ☐ 861 HIA (1395ff)
- ☐ 862 Black Lung (923)
- ☐ 863 DIWC/DIWW (405(g))
- ☐ 864 SSID Title XVI
- ☐ 865 RSI (405(g))

**FEDERAL TAX SUITS**
- ☐ 870 Taxes (U.S. Plaintiff or Defendant)
- ☐ 871 IRS—Third Party 26 USC 7609

**OTHER STATUTES**
- ☐ 400 State Reapportionment
- ☐ 410 Antitrust
- ☐ 430 Banks and Banking
- ☐ 450 Commerce
- ☐ 460 Deportation
- ☐ 470 Racketeer Influenced and Corrupt Organizations
- ☐ 480 Consumer Credit
- ☐ 490 Cable/Sat TV
- ☐ 810 Selective Service
- ☐ 850 Securities/Commodities/Exchange
- ☐ 875 Customer Challenge 12 USC 3410
- ☐ 890 Other Statutory Actions
- ☐ 891 Agricultural Acts
- ☐ 892 Economic Stabilization Act
- ☐ 893 Environmental Matters
- ☐ 894 Energy Allocation Act
- ☐ 895 Freedom of Information Act
- ☐ 900 Appeal of Fee Determination Under Equal Access to Justice
- ☐ 950 Constitutionality of State Statutes

## V. ORIGIN (Place an "X" in One Box Only)

- [x] 1 Original Proceeding
- [ ] 2 Removed from State Court
- [ ] 3 Remanded from Appellate Court
- [ ] 4 Reinstated or Reopened
- [ ] 5 Transferred from another district (specify)
- [ ] 6 Multidistrict Litigation
- [ ] 7 Appeal to District Judge from Magistrate Judgment

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing (Do not cite jurisdictional statutes unless diversity):
28 U.S.C. Section 1332

Brief description of cause:
Diversity

## VII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23
**DEMAND $** 100,000.00
CHECK YES only if demanded in complaint:
**JURY DEMAND:** ☒ Yes ☐ No

## VIII. RELATED CASE(S) IF ANY
(See instructions): JUDGE _____ DOCKET NUMBER _____

DATE: 07/25/2006
SIGNATURE OF ATTORNEY OF RECORD

**FOR OFFICE USE ONLY**

RECEIPT # _____ AMOUNT _____ APPLYING IFP _____ JUDGE _____ MAG. JUDGE _____

# INSTRUCTIONS FOR ATTORNEYS COMPLETING CIVIL COVER SHEET FORM JS 44

Authority For Civil Cover Sheet

The JS 44 civil cover sheet and the information contained herein neither replaces nor supplements the filings and service of pleading or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. Consequently, a civil cover sheet is submitted to the Clerk of Court for each civil complaint filed. The attorney filing a case should complete the form as follows:

**I.**   **(a) Plaintiffs-Defendants.** Enter names (last, first, middle initial) of plaintiff and defendant. If the plaintiff or defendant is a government agency, use only the full name or standard abbreviations. If the plaintiff or defendant is an official within a government agency, identify first the agency and then the official, giving both name and title.

(b) County of Residence. For each civil case filed, except U.S. plaintiff cases, enter the name of the county where the first listed plaintiff resides at the time of filing. In U.S. plaintiff cases, enter the name of the county in which the first listed defendant resides at the time of filing. (NOTE: In land condemnation cases, the county of residence of the "defendant" is the location of the tract of land involved.)

(c) Attorneys. Enter the firm name, address, telephone number, and attorney of record. If there are several attorneys, list them on an attachment, noting in this section "(see attachment)".

**II.**   **Jurisdiction**. The basis of jurisdiction is set forth under Rule 8(a), F.R.C.P., which requires that jurisdictions be shown in pleadings. Place an "X" in one of the boxes. If there is more than one basis of jurisdiction, precedence is given in the order shown below.

United States plaintiff. (1) Jurisdiction based on 28 U.S.C. 1345 and 1348. Suits by agencies and officers of the United States are included here.

United States defendant. (2) When the plaintiff is suing the United States, its officers or agencies, place an "X" in this box.

Federal question. (3) This refers to suits under 28 U.S.C. 1331, where jurisdiction arises under the Constitution of the United States, an amendment to the Constitution, an act of Congress or a treaty of the United States. In cases where the U.S. is a party, the U.S. plaintiff or defendant code takes precedence, and box 1 or 2 should be marked.

Diversity of citizenship. (4) This refers to suits under 28 U.S.C. 1332, where parties are citizens of different states. When Box 4 is checked, the citizenship of the different parties must be checked. (See Section III below; federal question actions take precedence over diversity cases.)

**III.**   **Residence (citizenship) of Principal Parties.** This section of the JS 44 is to be completed if diversity of citizenship was indicated above. Mark this section for each principal party.

**IV.**   **Nature of Suit**. Place an "X" in the appropriate box. If the nature of suit cannot be determined, be sure the cause of action, in Section VI below, is sufficient to enable the deputy clerk or the statistical clerks in the Administrative Office to determine the nature of suit. If the cause fits more than one nature of suit, select the most definitive.

**V.**   **Origin**. Place an "X" in one of the seven boxes.

Original Proceedings. (1) Cases which originate in the United States district courts.

Removed from State Court. (2) Proceedings initiated in state courts may be removed to the district courts under Title 28 U.S.C., Section 1441. When the petition for removal is granted, check this box.

Remanded from Appellate Court. (3) Check this box for cases remanded to the district court for further action. Use the date of remand as the filing date.

Reinstated or Reopened. (4) Check this box for cases reinstated or reopened in the district court. Use the reopening date as the filing date.

Transferred from Another District. (5) For cases transferred under Title 28 U.S.C. Section 1404(a). Do not use this for within district transfers or multidistrict litigation transfers.

Multidistrict Litigation. (6) Check this box when a multidistrict case is transferred into the district under authority of Title 28 U.S.C. Section 1407. When this box is checked, do not check (5) above.

Appeal to District Judge from Magistrate Judgment. (7) Check this box for an appeal from a magistrate judge's decision.

**VI.**   **Cause of Action**. Report the civil statute directly related to the cause of action and give a brief description of the cause. **Do not cite jurisdictional statutes unless diversity**.     Example:     U.S. Civil Statute: 47 USC 553
Brief Description: Unauthorized reception of cable service

**VII.**   **Requested in Complaint**. Class Action. Place an "X" in this box if you are filing a class action under Rule 23, F.R.Cv.P.

Demand. In this space enter the dollar amount (in thousands of dollars) being demanded or indicate other demand such as a preliminary injunction.

Jury Demand. Check the appropriate box to indicate whether or not a jury is being demanded.

**VIII.**   **Related Cases**. This section of the JS 44 is used to reference related pending cases if any. If there are related pending cases, insert the docket numbers and the corresponding judge names for such cases.

**Date and Attorney Signature**. Date and sign the civil cover sheet.